Filed 8/4/26  P. v. Foley CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B346060 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. |
| v. | No. VA108109) |
| MICHAEL WILLIAM FOLEY, | |
| Defendant and Appellant. | |

THE COURT:

In 2009, defendant and appellant Michael Foley (defendant) was convicted by a jury of one count of kidnapping to commit another crime (Pen. Code,[1] § 209, subd. (b)(1); count 1), one count of robbery (§ 211; count 2), and one count of false imprisonment of an elder, dependent adult (§ 368, subd. (f);

---

[1]    All further undesignated statutory references are to the Penal Code.

count 3). After a court trial on defendant's priors, the court found defendant suffered two prior strikes within the meaning of the "Three Strikes" law (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)), suffered one prior serious felony conviction within the meaning of section 667, subdivision (a)(1), and had served five prior prison terms as defined in section 667.5, subdivision (b).

Defendant was sentenced to an aggregate term of 68 years to life.[2] In count 1, defendant was sentenced to 25 years to life pursuant to the Three Strikes law, plus five years for the section 667, subdivision (a)(1) enhancement and another four years for the four 1-year prison prior enhancements, for a total of 34 years to life. An identical consecutive term was imposed in count 2. Sentence on count 3 was stayed pursuant to section 654.

In 2022, defendant was identified by the California Department of Corrections and Rehabilitation (CDCR) as an individual who may be eligible for resentencing pursuant to section 1172.75. On December 4, 2024, defense counsel filed a resentencing brief requesting full resentencing "applying current sentencing laws." In it, counsel asked the court "to strike and dismiss both strike priors, as well as the one Penal Code section 667(a) five-year prior" along with all of the now-invalid one-year prior prison term enhancements, and impose a sentence of seven years to life on count 1 and a consecutive 1 year (one-third the

---

[2] On direct appeal, this court modified defendant's sentence to strike the two 1-year section 667.5, subdivision (b) enhancements imposed in counts 1 and 2 stemming from case No. YA026853, lowering defendant's sentence from 70 years to life to 68 years to life. (See *People v. Foley* (Apr. 28, 2010, B216553) [nonpub. opn.].)

midterm) on count 2.[3]  On April 29, 2025, the People filed their opposition.  In it, the People argued defendant presents a risk to public safety and asked the court to strike the eight now-invalid enhancements but otherwise keep the remainder of defendant's sentence intact.

On May 8, 2025, the court held a resentencing hearing pursuant to section 1172.75.  The court indicated it had read the parties' briefs and attachments, as well as defendant's CDCR "C[entral]-file."  Defense counsel reiterated the request to dismiss the strike priors and all enhancements and impose a sentence of seven years to life on count 1, plus the low term of two years on count 2.  Counsel argued defendant is in his 50's, reducing his risk of recidivism, and no longer poses a threat to public safety.

The People argued defendant, "even at 53 … is still considered a public safety risk" due to his "numerous prior convictions, [and] his numerous violations of rules while he's been incarcerated," and "there has been nothing to show that he's done anything to rehabilitate himself."

Upon resentencing, the court struck the eight 1-year prior prison term enhancements, reducing defendant's sentence by eight years and resulting in a sentence of 60 years to life.  The court found defendant "does not fall outside the scheme of the third strike law" and, as a result, declined to dismiss the two prior strike convictions.  Noting defendant's prison record is "riddled with violations from drugs, to alcohol, to fighting," the court found "by clear and convincing evidence that the defendant is a danger and a safety risk to the public" and "decline[d] to

---

[3]  At the hearing, counsel noted this request was in error and asked the court to impose the low term on count 2.

exercise [its] discretion to strike the strikes and the five-year enhancements." The court concluded the hearing by updating defendant's custody credits, consisting of 223 total presentence credits and 5,837 actual postsentence credits. The May 12, 2025 abstract of judgment does not reflect the postsentence custody credits.

Defendant timely filed his notice of appeal.

On April 3, 2026, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues and asking this court to undertake an independent review of the record. Counsel indicated he sent defendant a copy of the brief and the record and advised him of his ability to file a supplemental brief on his own behalf.

We also notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered. To date, defendant has filed no such brief or letter.

We have examined the entire record and are satisfied that no arguable issues with regard to his resentencing hearing exist and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278.)

While undertaking our review, however, we have discovered the May 12, 2025 abstract of judgment does not reflect defendant's postsentence credits of 5,837 actual days announced by the court during the resentencing hearing. This is a clerical error. "Courts may correct clerical errors at any time." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

4

## DISPOSITION

The court's resentencing order is affirmed.  The trial court is ordered to prepare a corrected abstract of judgment reflecting defendant's total postsentence credits and forward a certified copy to the CDCR.

LUI, P. J.          CHAVEZ, J.          RICHARDSON, J.

5